## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM LLOYD, individually and on behalf of all others similarly situated | * * * | |
| Plaintiff, | * * | CASE NO. |
| versus | * * | |
| J&J VINYL SIDING, LLC and JERRY DEVILLE | * * | |
| Defendants. | * * | COLLECTIVE ACTION |

---

### ORIGINAL COMPLAINT

Plaintiff, William Lloyd, by and through undersigned counsel, on behalf of himself and all others similarly situated, brings this Complaint against Defendants, J&J Vinyl Siding, LLC and Jerry Deville, and in support of his claim, states as follows:

### SUMMARY

1.      Defendants, J&J Vinyl Siding, LLC and its owner, Jerry Deville (collectively referred to as "Defendants"), engaged in a pay scheme that violates the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201, *et seq*, that deprives workers of minimum wages and overtime pay.

2.      Defendants directly employ "crew leaders" who supervise general labor crews who install vinyl siding, gutters, patio covers, screen room enclosures, and fiber cement board.

3.      The general laborers are paid a day rate or half-day rate, depending on the hours worked and whether a job is completed.

4.      The general labors are paid wages in the form of cash or personal checks by the crew leaders.

1

5.      The general laborers are not paid overtime, and in most cases, their compensation violates the FLSA minimum wage compensation requirements.

6.      Defendants direct the crew leaders to pay the general laborers directly in an attempt to insulate Defendants from their obligation as employers to comply with the minimum wage and overtime FLSA requirements.

7.      Despite this pay scheme, Defendants are joint employers within the meaning of the FLSA, and are thus, liable to Plaintiff and the collective members for overtime and/or minimum wages.

8.      This collective action seeks to recover the unpaid wages, liquidated damages, and other damages owed to these workers, together with attorneys' fees, interest, and costs of these proceedings.

## JURISDICTION & VENUE

9.      This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants conduct substantial business in this District, employing Plaintiff and the collective members to perform work in this District while subjecting them to Defendants' improper and illegal payroll practices.

## PARTIES

11.     William Lloyd ("Lloyd") was employed by Defendants as a general laborer in October and November 2020.

12.     Lloyd's written consent to join this action is attached. (Exhibit "A").

13.     Defendant J&J Vinyl Siding, LLC ("J&J") is a Louisiana limited liability company doing business in the State of Louisiana and in this District.

14.     Defendant J&J may be served through its registered agent, Jerry Deville, 9395 Forrest Delatte Road, Denham Springs, LA 70726.

15.     Defendant Jerry Deville ("Deville") is a major, individual domiciled in Louisiana, who may be served at 35112 Walker North, Walker, LA 70785.

## FACTS

16.     Plaintiff and the collective members work or worked for Defendants as general laborers, including workers who install vinyl siding, gutters, patio covers, screen room enclosures and fiber cement board.

17.     Plaintiff and the collective members perform work as general laborers as an integral part of Defendants' siding business.

18.     J&J is a contractor providing installation of vinyl siding, fiber cement board, gutters, patio covers and screen room enclosures.[1]

19.     At all relevant times, J&J has been and continues to be an enterprise engaged in the "production of goods for commerce" within the meaning of the phrase as used in the FLSA.

20.     Defendants' employees routinely handle goods or materials that have moved in, or were produced for, interstate commerce.

21.     Defendants conduct business in several states including Louisiana, Mississippi and Alabama.

---

[1]   https://www.facebook.com/J-J-Siding-313779759158393/services/?ref=page_internal     (last visited December 14, 2020).

22.     Upon information and belief, in each of the past three (3) years, J&J's gross revenue has exceeded $500,000.

23.     Over the past three (3) years, Defendants employed dozens of individuals – including Lloyd – as general laborers.

24.     Defendants routinely suffered and permitted Lloyd and the collective members to work over forty (40) hours in a workweek.

25.     Defendants have a common policy of not paying Plaintiff and the collective members at a rate of one and one-half (1.5) times their regular pay for the overtime hours they worked as required by the FLSA.

26.     Defendants paid Plaintiff and the collective members a half-day or day rate for all hours worked, rather than paying one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) in a workweek.

27.     Plaintiff was purportedly paid $120.00 for a full day in which a job was completed, and $60.00 for a half-day or a full day when a job was not completed.

28.     For example, during the workweek of October 5, 2020, Plaintiff was paid $300.00 for working over 46.00 hours. Plaintiff was not paid an overtime premium and was paid less than the minimal wage during this period.

29.     Furthermore, during the workweek of November 23, 2020, Plaintiff worked approximately 45.50 hours and was only paid $300.00.  Plaintiff was not paid an overtime premium and was paid less than the minimal wage during this period.

30.     Defendants willfully operated under a common scheme to deprive Plaintiff and the collective members of overtime compensation by not paying them overtime for all hours worked in excess of forty (40) in a workweek.

31.     Defendants also willfully operated under a common scheme to deprive Plaintiff and the collective members of minimum wages by paying them a half-day or day rate with no consideration of the hours worked, nor the regular rate received.

32.     Defendants' general labor workers are non-exempt employees under the FLSA.

33.     Defendants were aware, or should have been aware, that the general laborers were non-exempt employees under the FLSA.

34.     Defendants were aware, or should have been aware that Plaintiff and the collective members worked overtime and did not receive minimum wage compensation because Defendants kept track of their time and determined work assignments.

35.     Defendants were aware, or should have been aware, that their failure to pay overtime for all hours worked over forty (40) in a workweek violated the FLSA.

36.     Defendants were further aware, or should have been aware, that their failure to pay minimum wages violated the FLSA.

37.     Nonetheless, Defendants did not (and do not) pay Plaintiff and the collective members minimum and overtime wages in violation of the FLSA.

**JOINT EMPLOYER ALLEGATIONS**

38.     Defendants have employed Plaintiff and the collective members at all relevant times as a single enterprise.

39.     Defendant Deville is the owner and operator of J&J.

40.     At all relevant times, Deville is and has been an "employer" of Plaintiff and the collective members as that term is defined by the FLSA.

41.     At all relevant times, Deville has been actively involved in managing the operations of the company.

42. At all relevant times, Deville has had control over J&J's pay policies, and has made personnel and payroll decisions.

43. At all relevant times, Deville has had the power to stop any illegal pay practices that harmed Plaintiff and the collective members.

44. At all relevant times, Deville has had the power to transfer the assets and liabilities, and declare bankruptcy on behalf of J&J.

45. At all relevant times, Deville has had the power to enter into contracts on behalf of J&J.

46. At all relevant times, Deville has had the power to close, shut down, and/or sell J&J.

47. At all times pertinent hereto, Defendants jointly exercised supervisory responsibilities and substantial control over the terms and conditions of Plaintiff's and the collective members' work including, but not limited to, assigning work, providing materials, and mandating compliance with policies and procedures that regulate all aspects of the general labor jobs.

48. Defendants' crew leaders were the agents of Defendants, all of whom were required to comply with Defendants' policies and procedures.

49. The crew leaders were paid directly by Defendants.

50. The crew leaders received all assignments from Defendants, and they relied on Defendants for work assignments.

51. J&J advertised and posted job openings on social media for general labor workers who were eventually assigned to work for the different crew leaders.

52.    J&J directly relied on the work of Plaintiff and the collective members, and provided substantial oversight of their activities.

53.    Through the crew leaders, J&J supplied the general labors with materials, tools and supplies needed to perform their assigned jobs.

54.    The work performed by Plaintiff and the collective members was integral to Defendants' business.  Without their work, Defendants could not have performed their contracted responsibilities for their clients.

55.    Defendants profited directly from the work performed by Plaintiff and the collective members.

56.    The manner by which Plaintiff and all collective members were paid was designed, implemented and enforced by Defendants.

57.    Defendants had the ability to terminate Plaintiff and all collective members.

58.    Defendants, acting through their crew leaders, employed general laborers in several states under the same terms and conditions as set forth above.

59.    In short, Plaintiff and the collective members were economically dependent on Defendants.

60.    Accordingly, Defendants are "employers" under the FLSA and, as such, are jointly and severally liable for all FLSA damages for their joint failure to comply with the FLSA's overtime requirements regarding general laborers.

## COLLECTIVE ACTION ALLEGATIONS

61.    Plaintiff brings this claim under Section 216(b) of the FLSA as a collective action.

62.    The same policy that caused Plaintiff to be denied his overtime pay caused Defendants' other general laborers to be denied their overtime pay and/or minimum wages.

63.     While the precise job duties performed by the collective members might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime and minimum wages.

64.     Nor do any differences in job duties matter for determining whether Defendants' policy of not paying general laborers overtime and minimum wages is legal.

65.     The members of the collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

66.     By failing to compensate Plaintiff and the collective members, Defendants violated, and continue to violate, the workers' rights under FLSA, 29 U.S.C. § 207.

67.     Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff and the collective members were entitled to be compensated at the applicable minimum wage rates provided therein.

68.     Defendants, pursuant to their policies and practices, failed to pay the required minimum wage to Plaintiff and the collective members.

69.     Because Defendants uniformly failed to pay overtime and minimum wages to all general laborers, Plaintiff and the collective members are similarly situated within the meaning of 29 U.S.C. § 216(b).

70.     Upon information and belief, Defendants employed numerous workers like Plaintiff during the past three (3) years.

71.     Nearly all of the questions related to Plaintiff and the collective members can be answered on a collective basis.

72.     Defendants' practice of paying general laborers a day rate or half-day rate for all hours worked with cash or personal checks through crew leaders is based on established companywide policies.

73.     Defendants' payroll and time-keeping records would permit accurate calculation of damages with respect to each member of the collective.

74.     The most important questions presented in this case can be resolved on a collective-wide basis.

75.     Absent a collective action, many members of the collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its violations of the FLSA.

76.     Furthermore, individual litigation would be unduly burdensome to the judicial system.

77.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the collective and provide for judicial consistency.

<h3 style="text-align:center">COLLECTIVE DEFINITION</h3>

78.     Plaintiff brings this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

> All individuals who performed work for J&J Vinyl Siding, LLC as a general labor at any time within the last three (3) years.

<h3 style="text-align:center">COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION</h3>

79.     Plaintiff, on behalf of himself and the collective, re-alleges and incorporates by references the above paragraphs.

80.     This claim arises from Defendants' violation of the FLSA, 29 U.S.C. § 201, *et. seq.*, for failure to pay overtime compensation to Plaintiff and members of the collective.

81.     Defendants, pursuant to their policies and practices, refused and failed to pay overtime wages to Plaintiff and the collective.

82.     By failing to compensate Plaintiff and the collective members, Defendants violated, and continue to violate, rights of Plaintiff and the collective members under FLSA, 29 U.S.C. § 207.

83.     The forgoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255, without a good faith or reasonable basis.

84.     Plaintiff, on behalf of himself and the collective, seeks damages for unpaid wages, liquidated damages as provided under the FLSA, interest, and such other legal and equitable relief as the Court deems proper.

85.     Plaintiff, on behalf of himself and the collective members, seeks recovery of attorney's fees and costs to be paid by Defendants as provided by the FLSA.

### COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY MINIMUM WAGES

86.     Plaintiff, on behalf of himself and the collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

87.     This claim arises from Defendants' violation of the FLSA, 29 U.S.C. § 201, *et seq.* by failing to pay a minimum wage to Plaintiff and members of the collective.

88.     Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff and the collective were entitled to be compensated at the applicable minimum wage rates provided therein.

89.     Defendants, pursuant to their policies and practices, failed to pay the required minimum wage to Plaintiff and the collective members.

90.     By failing to compensate Plaintiff and the collective members the minimum wage, Defendants violated, and continue to violate, their statutory rights under the FLSA, 29 U.S.C. § 206.

91.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255, without a good faith or reasonable basis.

92.     Plaintiff, on behalf of himself and the collective members, seeks damages for unpaid wages, liquidated damages as provided under the FLSA, interest, and such other legal and equitable relief as the Court deems proper.

93.     Plaintiff, on behalf of himself and the collective members, seeks recovery of attorney's fees and costs to be paid by Defendants as provided by the FLSA.

COUNT III – RECORDKEEPING VIOLATION

94.     Plaintiff, on behalf of himself and the collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

95.     Upon information and belief, Defendants did not maintain, for a period of at least two (2) years, timecards detailing the start and stop times for Plaintiff and the collective members, as prescribed by 29 C.F.R. § 516.6.

96.     Defendants have therefore violated the recordkeeping requirements of the FLSA. 29 U.S.C. § 211.

PRAYER

**WHEREFORE**, William Lloyd prays for relief as follows:

1.     An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the collective members to permit them to join this action by filing a written notice of consent;

2.     Judgment against Defendants, J&J Vinyl Siding, LLC and Jerry Deville, awarding Plaintiff and the other collective members all unpaid overtime and/or minimum wage compensation, liquidated damages, attorneys' fees, costs and expenses under the FLSA;

11

3.     Pre- and post-judgment interest at the highest rate allowable by law; and

4.     All such other and further relief to which Plaintiff and the other collective members may show themselves to be justly entitled.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

/s/ Scott E. Brady
Philip Bohrer
Scott E. Brady
BOHRER BRADY LLC
8712 Jefferson Highway, Ste. B
Baton Rouge, LA 70809
Tel: 225-925-5297
Fax: 225-231-7000
phil@bohrerbrady.com
scott@bohrerbrady.com

Matthew T. Lofaso
LOFASO LAW FIRM, LLC
11404 N. Lake Sherwood Avenue
Suite A
Baton Rouge, Louisiana 70816
Telephone: (225) 293-6330
Facsimile: (225) 293-6332
matt@lofasolawfirm.com

*Attorneys for Plaintiff and the Collective*